| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |

| | |
|---|---|
| MONICA EGBERT, | Case No. 2:19-cv-00483-JAD-VCF |
| Plaintiff, | **ORDER** |
| v. | **MOTION FOR SANCTIONS AND ATTORNEY'S FEES [ECF NO. 59]** |
| EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC, CENLAR FEDERAL SAVINGS BANK, | |
| Defendants. | |

Before the Court is Plaintiff Monica Egbert's ("Plaintiff") Motion for Sanctions and Attorney's Fees. (ECF No. 59). Plaintiff moves under Federal Rule of Civil Procedure 37(d) for sanctions, including case-terminating sanctions, against Defendant Cenlar Federal Savings Bank ("Cenlar") for (1) its failure to provide a prepared 30(b)(6) deponent on October 16, 2019; and (2) for its failure to appear at a duly noticed follow-up 30(b)(6) deposition on December 19, 2019 (the "Motion"). (ECF No. 59). Cenlar filed a response (ECF No. 60) ("Response"), and Plaintiff filed a reply (ECF No. 62) ("Reply").

The Court heard the Motion on March 18, 2020. (ECF No. 66) ("Minutes"). At the telephonic hearing, the Court instructed the Plaintiff to prepare a Proposed Order by March 25, 2020, share it with the Defendant, and both 1) file a copy of the Proposed Order on the public docket and 2) email a copy of the Proposed Order to the Court. On March 25, 2020, Plaintiff's counsel Miles Clark emailed the Proposed Order to the Court and copied the Defendant's Counsel, Andrew Bao, on the email. The Plaintiff did not, however, file a copy of the Proposed Order on the public docket. The Court incorporates the language from the Proposed Order into this Order. The Motion is granted in part and denied in part.

//

# BACKGROUND

Plaintiff's case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff alleges that Cenlar failed to conduct a reasonable investigation of her disputes of inaccurately reported credit information, in violation of 15 U.S.C. § 1681s-2(b). *See, e.g.*, ECF No. 13, at ¶ 38, 74. As part of her *prima facie* case of a Section 1681s-2(b) claim, Plaintiff must establish that Cenlar's procedures for investigating a dispute were unreasonable. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) ("The pertinent question [in a furnisher liability case] is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute.").

Plaintiff noticed Cenlar's 30(b)(6) deposition for October 16, 2019 ("October Deposition"). At the beginning of the deposition, Cenlar's deponent testified that he was prepared to speak on all of the noticed topics. *See* Motion, Exhibit A-9, at 14:15-16:6. Plaintiff contends that during that deposition, Cenlar was unable to adequately answer questions on topics No. 4 (Cenlar's responses to Requests for Production), Nos. 5-7 (Cenlar's policies and procedures), No. 10 (Cenlar's internal coding), Nos. 12, 16 (Cenlar's quotas, productivity targets, and training and evaluation), and No. 14 (Cenlar's relationship with the On-Line Data Exchange).[1] *See* Motion, at 6-12. Plaintiff contends that after it appeared that Cenlar's witness was unprepared to discuss the noticed topics, the parties stipulated to conduct a follow-up deposition, which was noticed for December 19, 2019 ("December Deposition"). *See id.* at 12.

Cenlar did not object to the December 19, 2019 deposition date or any of the noticed topics. *See id.* at 14. Cenlar failed to appear on December 19, 2019 for its re-deposition, for which Plaintiff took a non-appearance. *See id.* Following this deposition, Plaintiff's efforts to secure a subsequent

---

[1] Plaintiff asserts that the On-Line Data Exchange is the entity through which Cenlar transmits its investigation of consumer disputes to consumer reporting agencies. *See* Motion, at 12. Cenlar does not dispute this contention. *See generally* Response.

deposition date were unsuccessful, and she filed this Motion. *See id.* at 14-15.

## STANDARD OF REVIEW

Two sources of authority permit imposition of case-dispositive sanctions for discovery abuses related to a non-appearance at a deposition: Federal Rule of Civil Procedure 37 and the court's inherent power to sanction discovery abuses.

Rule 37(d) provides for sanctions where a litigant fails to attend its own deposition or proffers an unprepared corporate witness. With the absence of holding a party in contempt, all other sanctions available under Rule 37(b)(2)(A) are available where a party fails to attempt its deposition under Rule 37(d). Rule 37(b)(2)(A) permits the Court to: (i) direct that the matters in the order or other designated facts be taken as established; (ii) prohibit the disobedient party from supporting or opposing designated claims or defenses; (iii) strike pleadings; (iv) stay proceedings; (v) dismiss the action in whole or in part; (vi) render default judgment against the disobedient party; or (viii) treat the disobedient party's failure to obey the court order as contempt.

The Court's power to sanction extends beyond the enumerated rules and includes the inherent authority to manage its docket to permit the orderly, expeditious rendition of cases. *See, e.g.*, *In re Keegan Management Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). This inherent power includes the ability "to sanction a party for abusive discovery conduct" that "unreasonably delays the discovery process." *Hackett v. Segerblom*, No. 2:06-CV-01081-JCM-GWF, 2007 WL 2254708, at 4 (D. Nev. Aug. 3, 2007) (citing *Leon v. IDX Systems*, 464 F.3d 951 (9th Cir. 2006)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Alutiq v. OIC Marianas Ins. Corp.*, 305 F.R.D. 618, 628 (D. Nev. Mar. 13, 2015) (quotations omitted).

//

# DISCUSSION

## A. Whether Cenlar Violated Federal Rule of Civil Procedure 37(d).

Proper notice of a Rule 30(b)(6) deponent, "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Upon receipt of such a notice, the corporate party has a "duty to educate a witness to provide complete, knowledgeable and un-evasive answers to questions on the noticed topics, to state the corporation's position, and to provide binding answers on behalf of the corporation." *Great American Insurance Co. of New York v. Vegas Construction Co.*, 251 F.R.D. 534, 542 (D. Nev. 2008); *see also Ballentine v. Las Vegas Metro. Police Department*, No. 2:14-CV-01584-APG-GWF, 2016 WL 2743504, at 5 (D. Nev. May 9, 2016), *on reconsideration in part*, No. 2:14-CV-01584-APG-GWF, 2016 WL 3636917 (D. Nev. July 5, 2016).

A party's failure to attend its own deposition violates Rule 37(d), and subjects that party to sanctions per Rule 37(a)(2)(A)(i)-(vi). Rule 37(d)(2) provides that a failure to appear at a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "[T]he failure to produce a Rule 30(b)(6) designee who is adequately educated and prepared to testify on designated topics to bind the corporation amounts to a nonappearance which could warrant the imposition of sanctions." *Great American Insurance Co. of New York*, 251 F.R.D. at 542.

The Court finds that Cenlar violated Rule 37 in connection with the October and December Depositions. The Court finds that Cenlar's witness was not prepared to testify on all topics at the October Deposition. The Court finds that Cenlar failed to produce a witness at the December Deposition despite receiving notice.

**B. Whether Appropriate Sanctions Are Available for Cenlar's Rule 37(d) Violation.**

Having found that Cenlar violated Rule 37(d), the Court turns to sanctions. When deciding whether to impose the "harsh penalty" of case-dispositive sanctions, courts in the Ninth Circuit apply a five-factor test, adopted from *National Hockey League v. Metropolitan Hockey Club, Inc.* See *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (citing *National Hockey League*, 427 U.S. 639 (1976)). The court must evaluate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *National Hockey League*, 427 U.S. at 656. "[T]he key factors are prejudice and availability of lesser sanctions." *Alutiq*, 305 F.R.D. at 627 & n.88 (quoting *Hester v. Vision Airlines*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotation omitted)). District courts also have the discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir. 1990). "[D]isobedient conduct [within] the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Alutiq*, 305 F.R.D. at 617-18 & n.91 (formatting in original) (quoting *Henry v. Gill Inds.*, 983 F.2d 943, 948 (9th Cir. 1993) (citations omitted)).

The Court concludes that the drastic sanction of case-terminating sanctions is not warranted in this case, because less drastic sanctions are available. Plaintiff suggests that the Court accept specific facts as established and prevent defenses. *See* Motion, at 22. Plaintiff argues that the Court find that Cenlar's dispute-investigation policies and procedures were unreasonable and violated Section 1681s-2(b) as a result. *See id.* Under *Gorman*, this is an element of Plaintiff's *prima facie* case which she argues she has been unable to adequately procure deposition testimony to date. *See Gorman*, 584 F.3d at 1157. Entering this conclusive finding against Cenlar will adequately address Cenlar's discovery violation. This finding will not result in the *de facto* termination of the case,

because it only conclusively resolves an element of Cenlar's liability. Questions related to whether the disputed information was inaccurate, Plaintiff's actual damages, and Cenlar's culpability for a willful violation of the statute, remain to be resolved. The Court enters this less drastic sanction in Plaintiff's favor. The Court does not issue any monetary sanctions, attorneys' fees or costs against Cenlar.

Due to these unresolved issues, the Court also orders the parties to conduct Cenlar's 30(b)(6) deposition on the remaining issues in this case. The deposition is to take place on April 20, 2020, at 9 a.m. PST. The deposition may be conducted telephonically or through other remote means.

## CONCLUSION

ACCORDINGLY,

IT IS ORDERED that Plaintiff's Motion for Case-Terminating Sanctions (ECF No. 59) is GRANTED IN PART and DENIED IN PART as follows:

It is GRANTED as it relates to whether Cenlar's dispute-investigation policies and procedures were unreasonable. The Court finds this fact as conclusively established.

It is DENIED in all other respects.

IT IS FURTHER ORDERED that Cenlar shall be deposed on April 20, 2020 at 9 a.m. PST. The deposition may be conducted telephonically or through other remote means.

IT IS FURTHER ORDERED that Plaintiff must file the Proposed Order that it emailed to the Court on the public docket by April 3, 2020.

DATED this 31st day of March 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE